IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-20205
_____


MOHAMED BEN MOHAMED ALI ALKHULAQI;
FAIZA KHULAQI,

                                        Plaintiffs-Appellees,

                            versus

OCEAN SHIPS, INC.,

                                        Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Texas
(H-96-CV-2478)
_____

February 17, 1999


Before JOLLY, WIENER, and PARKER, Circuit Judges.

PER CURIAM:[*]

    In this admiralty case, Defendant-Appellant Ocean Ships, Inc.
("Ocean") urges us to reverse the results of the bench trial in
which the district court concluded that Ocean's vessel was
"unseaworthy" for purposes of claims of Plaintiffs-Appellees
("Alkhulaqi").  The court rejected Alkhulaqi's Jones Act claim
because he was not acting in the course of his employment at the
time he injured himself by misusing an improperly assembled grinder

_____

    [*]    Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

in the vessel's machine shop while attempting to improve the traction of his work boots. The defective nature of the grinding wheel that had been erroneously affixed to an improperly assembled grinder by one of Alkhulaqi's shipmates, however, was held to constitute unseaworthiness. The court concluded that, even though Alkhulaqi's injuries were due in large part — 75% — to his own negligence, the vessel remained liable for the remainder — 25% — of the seaman's final award, including lost wages and future earnings. In urging reversal, Ocean largely relies on its argument that the subject grinder — used by Alkhulaqi without knowledge or consent of the cognizant personnel of the vessel and faultily assembled by Alkhulaqi's unauthorized and barely experienced shipmate — was not employed for its "intended use," i.e., was used to grind the synthetic material on the soles of Alkhulaqi's boots even though the tool was intended for use only on metal.

Having reviewed the largely undisputed facts in the record, the rulings of the district court, the applicable law, and the arguments advanced by counsel in their respective appellate briefs and in their oral arguments to this court, we are satisfied that the district court committed no reversible error. Therefore, the judgment of that court is, in all respects, AFFIRMED.

2